UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Alex B.B., | No. 26-cv-1008 (KMM/EMB) |
| Petitioner, | |
| v. | **ORDER** |
| Todd Lyons, et al., | |
| Respondents. | |

This matter is before the Court on the Petition for a Writ of Habeas Corpus filed by Petitioner Alex B.B. (Dkt. 1.) Petitioner asks the Court to order his immediate release from his current detention by federal immigration authorities or, in the alternative, to require those officials to grant him a bond hearing under 8 U.S.C. § 1226(a). Respondents argue that the Court should dismiss the petition for lack of jurisdiction or transfer venue to the Western District of Texas because Alex B.B. was not in custody in Minnesota when he filed his petition, or to deny the petition on its merits. For the reasons that follow, this matter is transferred to the Western District of Texas.

## BACKGROUND

Alex B.B. is a citizen of Honduras who has been in the United States since December 2018. (Dkt. 1 at 5, 12.)[1] He has three children of which he is the primary caretaker. (*Id.* at 12.) Upon entering in 2018, Alex B.B. completed a credible fear interview,

---

[1] The Court cites to the page number of the Petition as each section restarts the sequence of paragraphs at 1.

1

in which the asylum officer concluded he did have a reasonable fear of persecution or torture, and was released on an order of supervision. (*Id.*) However, Alex B.B. never received a Notice to Appear in Immigration Court and has never had removal proceedings initiated against him. (*Id.*) On September 20, 2021, he filed an I-589 application with U.S. Citizenship and Immigration Services. (*Id.* at 13.) Alex B.B. was arrested on January 26, 2026. (*Id.* at 12; Dkt. 4 at 1.) He was transferred to the ERO Camp East Montana Detention Facility in El Paso, Texas, where he remains. (Dkt. 1 at 5.)

## DISCUSSION

Respondents challenge the Court's jurisdiction to address this matter because ICE transferred Alex B.B. to the Western District of Texas before he filed the petition. Relying on *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), Respondents argue Alex B.B.'s pre-filing transfer to Texas prevents this Court from adjudicating his Petition. (Dkt. 4 at 2–4.) To the extent Respondents suggest that Alex B.B.'s transfer deprives the Court of subject matter jurisdiction, the Court disagrees.

In *Padilla*, the Supreme Court considered whether the petitioner, who the federal government transferred into military custody at a naval brig in South Carolina prior to his filing of a habeas petition, properly filed his petition in the Western District of New York. 542 U.S. at 430–32. The Court held that the proper respondent in a habeas case challenging physical custody is the petitioner's "immediate custodian." *Id.* at 439, 442. Further, based on the language in 28 U.S.C. § 2241(a), the Court concluded that "jurisdiction over [the] habeas petition lies in [a particular district court] only if it has jurisdiction over [the immediate custodian]." *Id.* at 442. But in explaining these rules, the Court was clear that it

was not addressing subject-matter jurisdiction. *Id.* at 434 n.7 ("The word 'jurisdiction,' of course, is capable of different interpretations. We use it in the sense that it is used in the habeas statute, 28 U.S.C. § 2241(a), and not in the sense of subject-matter jurisdiction of the District Court."); *see also id.* at 451 (Kennedy, J., concurring) (explaining that the "immediate custodian" and "territorial jurisdiction" rules "are not jurisdictional in the sense of a limitation on subject-matter jurisdiction").[2]

Although the Supreme Court has not subsequently clarified whether the immediate-custodian and territorial-jurisdiction rules are matters of personal jurisdiction or venue, nothing in *Padilla* suggests that this Court lacks *subject-matter jurisdiction* because a petition is filed in this District after a petitioner has already been transferred outside of Minnesota. The Court, therefore, declines Respondents' invitation to dismiss this matter for lack of subject-matter jurisdiction. *Mathena v. United States*, 577 F.3d 943, 946 n.3 (8th Cir. 2009) (stating that even though petitioner did not file his habeas in the district where he was confined that "defect did not deprive the district court of subject matter jurisdiction").

Even though the Court has subject-matter jurisdiction, that conclusion does not necessarily end the inquiry regarding the proper forum for Alex B.B.'s challenge to his confinement. Respondents argue that the Court should transfer Alex B.B.'s petition to the Western District of Texas. (Dkt. 7 at 3.) *Padilla* states that the proper forum for a habeas

---

[2] Although the Court did not ultimately resolve precisely the doctrine to which these rules belong, the *Padilla* concurrence indicates that they are "best understood as a question of personal jurisdiction or venue." 542 U.S. at 451 (Kennedy, J., concurring).

3

petition challenging physical detention is in the district where the petitioner is confined. 542 U.S. at 443 ("[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); *id.* at 442 ("Accordingly, with respect to habeas petitions 'designed to relieve an individual from oppressive confinement,' the traditional rule has always been that the Great Writ is 'issuable only in the district of confinement.'" (quoting *Carbo v. United States*, 364 U.S. 611, 618 (1961)). The district of confinement in this case is the Western District of Texas. The Western District of Texas was also the district of confinement when Alex B.B. filed his petition in this District. Accordingly, the proper forum for Alex B.B.'s petition is in the Western District of Texas, not in this Court.

"An exception [to the district-of-confinement rule] is recognized, however, where the petitioner's location is unknown at the time of filing—such as when the petitioner is in transit—or where immigration authorities have not disclosed where the petitioner is being detained or by whom, and circumstances have prevented or precluded contact with counsel." *Adriana M.Y.M. v. Easterwood*, No. 26-cv-213 (JWB/JFD), 2026 WL 184721, at *2 (D. Minn. Jan. 24, 2026); *Aleksander B. v. Trump*, No. 26-cv-170, 2026 WL 172435, at *2 (D. Minn. Jan. 22, 2026) (collecting cases that recognized this exception).[3] But this

---

[3] This case differs materially from the undersigned's recent decision in *Aleksander B.* There, the petitioner's whereabouts were not known to counsel when the petition was filed and the respondents were not forthcoming with information when the petitioner's counsel asked them about his location for several days. 2026 WL 172435, at *3. Here, Alex B.B. was transferred out of this District more than a week before the Petition was filed and counsel does not raise any specific concerns about identifying his location during this period.

exception does not apply here because the allegations in the Petition show that Alex B.B.'s counsel knew he was located in Texas at the time the petition was filed. (Dkt. 1 at 5.) Under these circumstances, the Court finds that transfer to the district of confinement is the appropriate result. *E.g.*, *Jonnathan X.D.B. v. Kristi Noem*, No. 26-cv-588 (DWF/DJF), 2026 WL 222189, at *1 (D. Minn. Jan. 28, 2026) (finding that exception to district-of-confinement rule did not apply where counsel knew about petitioner's location in another district when the petition was filed but transferring to the place of confinement rather than dismissing based on the court's concerns that petitioner's detention was unlawful).[4]

## ORDER

For the reasons discussed above, **IT IS his EBY ORDERED THAT** this matter is **TRANSFERRED** to the Western District of Texas. The Clerk of Court is directed to effectuate the transfer without delay.

Date: February 6, 2026

*s/Katherine Menendez*
Katherine Menendez
United States District Judge

---

[4] The Court might reach a different decision if it appeared that transfers were being made specifically to obscure a petitioner's location, or to deprive a petitioner of accessing his counsel. There is nothing in the record before the Court to support either suggestion.